IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

LINEAR CAPITAL, L.L.C.,

    Plaintiff,

vs.

SCOTTSDALE INSURANCE
COMPANY AND PROFESSIONAL
INSURANCE SERVICES, INC.

    Defendants.
_____/

Case No. 09-19767

DIVISION C

RECEIVED
AUG 11 2009
CLAIMS LEGAL

RECEIVED AUG - 5 2009 CLERK OF CIRCUIT COURT

## COMPLAINT

Plaintiff, LINEAR CAPITAL, L.L.C. (hereinafter "LINEAR CAPITAL"), by and through its undersigned counsel, hereby files this Complaint against Defendants, SCOTTSDALE INSURANCE COMPANY (hereinafter "SCOTTSDALE") and PROFESSIONAL INSURANCE SERVICES, INC. (hereinafter "THE AGENCY"), and as grounds therefore states as follows:

### GENERAL ALLEGATIONS

1. The amount in controversy in this action exceeds the sum of Fifteen thousand and 00/100 ($15,000.00), exclusive of pre-judgment interest, court costs, and attorney fees.

2. Plaintiff, LINEAR CAPITAL, is a Florida limited liability company doing business in the State of Florida with its principal place of business in Hillsborough County, Florida.

3. At all relevant times, the Defendant, SCOTTSDALE, was and is a surplus lines carrier doing business in the State of Florida and was a properly licensed and

Received   Aug-13-09   06:24pm   From-   To-PHELPS DUNBAR   Page 07

qualified insurance carrier by the State of Florida to engage in the business of insurance with Florida citizens.

4. At all relevant times, the Defendant, THE AGENCY, was a Florida corporation doing business in the State of Florida with its principal place of business in Hillsborough County, Florida. At all relevant times, THE AGENCY was engaged in the business of procuring and selling insurance to Florida citizens, including LINEAR CAPITAL.

5. At all relevant times, Jason Levy, an employee of THE AGENCY, procured insurance coverage for LINEAR CAPITAL for its property through SCOTTSDALE and was acting as the agent for SCOTTSDALE.

6. In consideration of the premium paid to it by LINEAR CAPITAL, SCOTTSDALE issued to LINEAR CAPITAL in Lehigh Acres, Lee County, Florida, a policy of insurance, Policy No. CPS0934570 ("The Policy"), which was issued for delivery and delivered in Hillsborough County, Florida and which was in full force and effect at the time loss and damage occurred as a result of a covered peril to the insured property located at 3606 East 11th Street, Lehigh Acres, Florida 33972 ("The Insured Property") on or about November 5, 2008. A copy of the policy declarations page is attached as Exhibit "A". Plaintiff has requested that SCOTTSDALE produce a copy of the complete policy, and it will be filed as a substitute Exhibit "A" upon receipt.

7. The Policy extends coverage for property damage, lost rents, and other coverages if The Insured Property was damaged by an insured peril.

8. In Florida, the work of adjusting insurance claims engages the Public Trust.

08/13/09   15:20   FAX   ☒007



## COUNT I

## BREACH OF CONTRACT AGAINST SCOTTSDALE

9. LINEAR CAPITAL adopts and incorporates the general allegations contained in paragraphs 1 through 8 set forth above as if restated fully herein.

10. This is an action for damages for breach of contract against SCOTTSDALE.

11. On or about November 5, 2008, The Insured Property was damaged by a covered peril.

12. Thereafter, LINEAR CAPITAL reported the loss and damage to The Insured Property to SCOTTSDALE and THE AGENCY.

13. After an investigation, by letter dated May 21, 2009, SCOTTSDALE wrote LINEAR CAPITAL and advised that it was denying coverage for the loss and damage to The Insured Property. A copy of that denial letter is attached hereto as Exhibit "B".

14. SCOTTSDALE has wrongfully denied coverage and failed to properly pay the damages under the contract with LINEAR CAPITAL which it incurred as a result of the loss and damage to The Insured Property.

15. LINEAR CAPITAL has done and performed all those matters and things properly required of it under the insurance policy or, alternatively, has been excused from performance by the acts, representations and/or conduct of SCOTTSDALE, its agents or employees

16. As a direct result of the breach of its contract by SCOTTSDALE, LINEAR CAPITAL has been financially damaged and will continue to suffer such damage and loss in the future.

Received Aug-13-09 06:24pm    From-    To-PHELPS DUNBAR    Page 09

17. Further, as a result of SCOTTSDALE'S breach of the insurance contract, it has been necessary for LINEAR CAPITAL to incur and become obligated for attorney's fees and costs in the prosecution of this action. Florida Statute §627.428 provides for the recovery of such attorney's fees.

WHEREFORE, Plaintiff, LINEAR CAPITAL LLC, respectfully requests this Honorable Court to determine that Defendant, SCOTTSDALE, has breached its insurance contract, to determine that coverage exists under The Policy, to award Plaintiff its contractual damages under The Policy, to award Plaintiff compensatory damages, to award pre-judgment interest on such damages from the date of the loss, to award the costs of this action, to award attorney's fees pursuant to Florida Statute §627.428, and for such other and further relief as the Court may deem appropriate.

Further, Plaintiff requests a jury trial on all issues so triable.

### COUNT II
### DECLARATORY ACTION AGAINST SCOTTSDALE INSURANCE

18. Plaintiff, LINEAR CAPITAL, adopts and incorporates the allegations contained in paragraphs 1 through 8 and 11 through 15 set forth above as if fully restated herein.

19. This is an action for declaratory judgment pursuant to Chapter 86 of the Florida Statutes.

20. This action is filed to determine an actual controversy between the parties which has left the parties uncertain with respect to their legal rights and responsibilities, to wit: the right of SCOTTSDALE to deny coverage to LINEAR CAPITAL based on alleged coverage defenses contained within the denial letter (Exhibit "B").

08/13/09   15:21 FAX                                                                ☒009

Received Aug-13-09 06:24pm   From-   To-PHELPS DUNBAR   Page 10



21.   In particular, SCOTTSDALE provided Plaintiff with a denial letter on May 21, 2009 (Exhibit "A") advising that there was no coverage for Plaintiff's loss under SCOTTDALE'S policy.

22.   There exists a bona fide, actual, present and practical need for a declaration of coverage and a determination by this Court as to whether SCOTTSDALE is entitled to deny coverage for The Insured Property as a result of the loss or whether coverage does exist for the loss.

23.   The rights of both SCOTTSDALE and LINEAR CAPITAL are dependent upon the facts and the law applicable to the facts concerning coverage.

24.   Plaintiff seeks a declaration that:

a)   The Insured Property was covered under the SCOTTSDALE policy at the time of the loss;

b)   That SCOTTSDALE INSURANCE has wrongfully denied coverage;

c)   That the property was not "vacant" as defined in The Policy on the date of the loss;

d)   Such further declaration by this Court regarding the issue of coverage and the rights of the parties as supported by the law and the facts.

WHEREFORE, LINEAR CAPITAL LLC seeks a declaration of the parties' rights and duties under The Policy, and to the extent this impacts on its recovery under the insurance contract with SCOTTSDALE, a recovery of taxable costs and reasonable attorney's fees under Florida Statute §627.428.

Further, Plaintiff demands a trial by jury on all issues so triable.

08/13/09   15:21 FAX   @010

Received Aug-13-09 06:24pm     From-     To-PHELPS DUNBAR     Page 11



## COUNT III – NEGLIGENCE AGAINST THE AGENCY

25. LINEAR CAPITAL adopts and incorporates the allegations contained in paragraphs 1 through 8 and 11 through 15 set forth above, as if restated fully herein.

26. At all times material hereto, in association with the application, purchase, binder, servicing of and issuance of The Policy at Issue, THE AGENCY acted as the agent for LINEAR CAPITAL.

27. Over a year ago LINEAR CAPITAL began working with THE AGENCY and Jason Levy, serving as its insurance agent. LINEAR CAPITAL developed a close and, what it believed, a good working business relationship with THE AGENCY and Mr. Levy during that time. Further, THE AGENCY and Mr. Levy held themselves out as experts in the procurement of insurance and all facets of insurance coverage, including business and property and casualty insurance coverage.

28. LINEAR CAPITAL relied on THE AGENCY and Mr. Levy to handle its insurance needs and to advise it of any problems or potential problems with its coverage.

29. THE AGENCY and Mr. Levy knew that LINEAR CAPITAL was relying on them for competent, professional and expert advice. Accordingly, at all times material hereto, THE AGENCY and Mr. Levy were under a duty to act as professionals in procuring insurance for Plaintiff and providing Plaintiff with advice regarding its insurance needs.

30. Further, at all times material hereto, THE AGENCY and Mr. Levy were under a duty to advise Plaintiff of any potential problems with coverage under the SCOTTSDALE policy.

08/13/09  15:21  FAX                                          ☒011

31. As Plaintiff's insurance agent, THE AGENCY and Mr. Levy owed Plaintiff the following duties:

a) To procure coverage for Plaintiff for its properties;

b) To advise Plaintiff in a timely manner of any problems with coverage which was procured;

c) To exercise reasonable skill and diligence in procuring insurance for Plaintiff, maintaining insurance for Plaintiff, and keep such insurance in full force and effect;

d) To exercise reasonable skill and diligence in obtaining the appropriate insurance coverage warranted by the express needs of the Plaintiff;

e) To exercise reasonable skill and diligence in providing insurance recommendations and advice to Plaintiff;

f) To act on information known to it indicating a change in circumstances or a change in insurance needs;

g) To properly complete forms and materials to be submitted to SCOTTSDALE, including applications prepared for Plaintiff, including but not limited to determining that correct information was contained in such documents;

h) To timely transmit information from SCOTTSDALE to Plaintiff, particularly as it would affect insurance coverage under The Policy;

i) To prevent lapses or gaps in Plaintiff's insurance coverage;

j) To properly and accurately complete any applications for insurance.

32. THE AGENCY breached its duties to Plaintiff.

7



33. Plaintiff relied on THE AGENCY, through Mr. Levy and other employees and representatives, to secure and maintain its property insurance coverage that would insure it against a fortuitous loss such as a loss which occurred on November 5, 2008 at The Insured Property. This reliance was, in part, based on the fiduciary relationship which developed between the parties through prior course of conduct and based on the conduct of the agency and Mr. Levy in holding themselves out to be trained and experienced insurance professionals.

34. THE AGENCY and Mr. Levy were negligent in the handling of Plaintiff's insurance claim.

35. THE AGENCY and Mr. Levy knew or should have known that The Insured Property was or could become vacant at any time based on the fact that The Insured Property was held as rental property by the Insured.

36. THE AGENCY was on notice that the Insured required a policy of insurance that would provide coverage for losses such as the one which occurred on November 5, 2008 at The Insured Property whether The Insured Property was vacant or not.

37. THE AGENCY and Mr. Levy knew or should have known that the insurance coverage they secured for LINEAR CAPITAL might become subject to a coverage dispute in the event of a claim due to the fact that the building was unoccupied prior to November 5, 2008.

38. THE AGENCY and Mr. Levy knew or should have known that SCOTTSDALE would deny coverage under The Policy due to the fact that the building was unoccupied prior to November 5, 2008.

39. Before the subject loss, THE AGENCY and Mr. Levy never advised Plaintiff that they had not been able to obtain the requested coverage or there was any problem whatsoever with the property insurance on LINEAR CAPITAL'S Insured Property.

40. LINEAR CAPITAL had a reasonable expectation that the property was insured against losses such as those which occurred at The Insured Property on November 5, 2008, and coverage has now been denied by SCOTTSDALE INSURANCE.

41. As a direct and proximate result of the negligence and breach of duties by THE AGENCY and Mr. Levy, Plaintiff, LINEAR CAPITAL, has sustained damages.

42. As a result, LINEAR CAPITAL has suffered property damage to The Insured Property as a result of the loss, it has lost the use of the building and the opportunity to rent the property to a tenant and it has suffered other financial damages as a result of the coverage dispute between LINEAR CAPITAL and SCOTTSDALE which will result in damages if the denial of coverage is not overturned by the Court. The loss or damage sustained by Plaintiff is continuing.

WHEREFORE, Plaintiff prays this Honorable Court award it compensatory damages, pre-judgment interest, the costs of this action and such other and further relief as the Court may deem appropriate.

Further, Plaintiff requests a trial by jury on all issues so triable.

## COUNT IV – BREACH OF CONTRACT AGAINST THE AGENCY

43. Plaintiff adopts and incorporates the allegations contained in paragraphs 1 through 1 through 8 and 11 through 15 set forth above as if fully stated herein.

Received Aug-13-09 06:24pm   From-   To-PHELPS DUNBAR   Page 15



44. This is an action for damages for breach of contract against THE AGENCY in failing to secure and provide insurance coverage.

45. Plaintiff had an oral contract with THE AGENCY in which THE AGENCY and its licensed agent and employee, Jason Levy, agreed to obtain property and other coverages for Plaintiff's property located at 3606 East 11th Street, Lehigh Acres, Florida for a period beginning September 4, 2008 through September 4, 2009. In exchange, Plaintiff paid a premium collected by THE AGENCY from which THE AGENCY was paid a commission.

46. In entering this contract for the provision of insurance, LINEAR CAPITAL reasonably relied on the special training, experience and expertise of THE AGENCY and Mr. Levy, as well as the fiduciary relationship which existed with THE AGENCY and Mr. Levy as Plaintiff's insurance agent.

47. SCOTTSDALE INSURANCE has now denied coverage for damage to Plaintiff's property resulting from a covered loss based on grounds that would not have existed had THE AGENCY and Mr. Levy fulfilled their contractual duties owed to Plaintiff.

48. THE AGENCY breached its contract with Plaintiff by failing to provide insurance for the Plaintiff's premises for the insured peril or loss, including fire.

49. As a direct result of THE AGENCY'S breach of contract, LINEAR CAPITAL has been denied coverage by SCOTTSDALE INSURANCE, has lost the use and benefit of its property, has incurred damages to the property for the necessary cost of repair, has sustained loss of rents at the property, and has otherwise been financially damaged. Further, such damages are continuing.

08/13/09 15:22 FAX   @015

Received Aug-13-09 06:24pm    From-    To-PHELPS DUNBAR    Page 16

50. LINEAR CAPITAL'S loss were foreseeable by THE AGENCY and Mr. Levy.

WHEREFORE, LINEAR CAPITAL LLC respectfully requests this Honorable Court determine that Defendant, THE AGENCY has breached its contract to secure insurance coverage for Plaintiff, to award Plaintiff its contractual and compensatory damages resulting from the breach, to award pre-judgment interest, the costs of this action, and such other and further relief as the Court may deem appropriate.

Further, Plaintiff requests a trial by jury on all issues so triable.

### COUNT V – BREACH OF WARRANTY OF AUTHORITY AGAINST THE AGENCY

51. Plaintiff adopts and incorporates the allegations contained in paragraphs 1 through 1 through 8 and 11 through 15, set forth above as if fully restated herein.

52. At all times material hereto, THE AGENCY represented that it had the authority of SCOTTSDALE to bind coverage on the premises of LINEAR CAPITAL and otherwise enter a contract of insurance through SCOTTSDALE.

53. The conduct of THE AGENCY was unauthorized by SCOTTSDALE.

54. LINEAR CAPITAL has been damaged by virtue of the unauthorized conduct of THE AGENCY and its breach of the implied warranty of authority which THE AGENCY implied it had to make a contract between Plaintiff and SCOTTSDALE for its property.

55. Plaintiff suffered pecuniary damages as a result of damage to its property which resulted from a covered loss and which has not been paid by SCOTTSDALE. Further, because SCOTTSDALE would not honor its insurance contract, the insured has been unable to repair the property or lease the property since the date of loss.

11

08/13/09 15:23 FAX    @016

Received Aug-13-09 06:24pm    From-    To-PHELPS DUNBAR    Page 17

56. The Insured has or will sustain additional damages as a result of the denial of coverage by SCOTTSDALE and other pecuniary damages resulting as the natural and proximate result of the breach of the implied warranty that THE AGENCY was authorized to make the insurance contract which has been denied/voided by SCOTTSDALE.

WHEREFORE, Plaintiff, LINEAR CAPITAL LLC, respectfully requests this Honorable Court to determine that Defendant, THE AGENCY, breached its implied warranty of authority to act as an agent of SCOTTSDALE in making an insurance contract with Plaintiff, to award Plaintiff the pecuniary and compensatory damages which were the natural and proximate result of the breach by THE AGENCY, and to put Plaintiff back into a condition which it would have been before it acted on the asserted authority of THE AGENCY to make a contract for SCOTTSDALE, including but not limited to damages for the fire, lost lease payments, pre-judgment interest, the cost associated with this action, and such other relief which the Court may deem appropriate.

Further, Plaintiff requests a trial by jury on all issues so triable.

DANAHY & MURRAY, P.A.

DATED: 8/5/09

MATTHEW R. DANAHY, ESQUIRE
Florida Bar No. 606693
901 West Swann Avenue
Tampa, Florida 33606
(813) 258-3600
(813) 258-3321
Attorney for Plaintiff

12

08/13/09 15:23 FAX    @017